E-FILED
Tuesday, 09 August, 2011  11:18:56 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JAMES STEVENS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No.  11-cv-1159 |
| RICARDO RIOS, WARDEN, | ) ) ) | |
| Respondent. | ) ) ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner James Stevens' Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1).  For the following reasons, Petitioner's Motion is DENIED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner James Stevens is a federal prisoner currently confined in the medium-security facility at the Federal Correctional Institution in Pekin, Illinois, where he is currently serving a 200 month term of imprisonment imposed for his conviction in the Western District of Wisconsin for conspiracy to possess with intent to distribute cocaine base (crack) and to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Doc. 5-1 at 5).  Petitioner has a projected release date from federal custody of July 10, 2021, via good conduct time release.  (Doc. 5-1 at 6).

On January 27, 2011 Petitioner received three United States Bureau of Prisons ("BOP") incident reports. (Doc. 5-1 at 14-23). Incident Report #2117717 was for violation of BOP Code 201 – fighting with another person, and Incident Report #2119731 and #2118209 were for violation of BOP Code 224 – assaulting any person. (Doc. 5-1 at 14-23).

Incident Report # 2117717 charged:

I observed inmate Pierson 08716-028 and inmate Stevens 06287-090 in a physical altercation at the start of the 7:30 pm move. Inmate Stevens was hit with closed fists by inmate Pierson in the upper torso area. Inmate Stevens hit inmate Pierson with a closed left fist and a couple right closed fists striking Pierson in the upper torso and head areas. When ordered to stop by staff, inmate Stevens continued to advance toward inmate Pierson with closed fists. At least half of a minute went by before Stevens began to comply with orders.

Incident Report #2119731 charged:

Inmate Stevens (06287-090) was involved in a physical altercation with inmate Pierson (08716-028) and resisted staff intervention while trying to stop the incident. While attempting to restrain inmate Stevens from inmate Pierson he pushed officer Vansaghi with two hands in the upper torso area and pulled his right arm away from me numerous times. Inmate Stevens eventually complied with staff orders after multiple requests.

Incident Report #2118209 charged:

After being involved in a physical altercation, Inmate Stevens (06287-090) actively resisted staff intervention. While keeping Inmate Stevens separated from the other inmate involved, he shoved me with two open hands. As the incident progressed, Stevens resisted staff's attempts to control him by swinging his arms multiple times. Stevens eventually complied with staff orders.

On January 28 and January 30, 2011 the BOP suspended action on Incident Report #2118209 and #2119731, respectively, pending an FBI investigation and possible criminal prosecution. (Doc. 5-1 at 24).

With respect to Incident Report #2117717, on February 3, 2011 the BOP Unit Discipline Committee ("UDC") conducted a hearing for Stevens, and the UDC referred the charges, with recommendations, to the BOP Discipline Hearing Officer ("DHO") for further hearings. (Doc. 5-1 at 14).

On March 23, 2011 the DHO conducted a hearing. The DHO found that the act charged in Incident Report #2117717 was committed, and Petitioner received the following sanctions: 21-days disciplinary segregation; 27-days loss of Good Conduct time; 30-days loss of commissary privileges; and 30-days loss of visitation privileges. (Doc. 5-1 at 19-20).

The two BOP incident reports alleging an assault on a BOP correctional officer remain suspended pending an FBI investigation and possible criminal prosecution. The record does not indicate that any criminal charges have been filed against Petitioner.

On April 19, 2011 Stevens filed the instant Petition pursuant to 28 U.S.C. § 2241 seeking to have the charges in the two suspended Incident Reports dismissed on the ground that his speedy trial rights were violated.

## DISCUSSION

The Bureau of Prisons has an administrative remedy procedure set out at 28 C.F.R. §542.10 *et seq.*, which provides formal review of any complaint which relates to any aspect of the inmate's confinement.

3

Inmates are encouraged to resolve their complaints informally in this administrative process (BP-8). *See* 28 C.F.R. § 542.13. If informal resolution is insufficient, the inmate may file a formal complaint with the Warden within twenty days of the date on which the basis of the complaint occurred (BP-9). 28 C.F.R. § 542.14. The Warden then has twenty days in which to respond to the inmate's complaint. If the inmate is not satisfied with the Warden's response, he may appeal the response to the BOP's Regional Office (BP-10). The Regional Office then has thirty days to answer the claim. If still dissatisfied, the inmate may file a final administrative appeal with the BOP's Central Office in Washington, D.C. (BP-11). The Central Office has forty days in which to respond. 28 C.F.R. § 542.18.

In the instant case, Petitioner has not completed the administrative remedy process regarding his request. (Doc. 5-1 at 26). While Stevens did attempt to file a BP-9, it was rejected for not attaching the relevant incident reports and not attaching a BP-8. (Doc. 5-1 at 26). Petitioner did not refile.

It is well settled that federal prisoners must first exhaust administrative remedies prior to bringing a petition for writ of habeas corpus in federal court. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986); *Anderson v. Miller*, 772 F.2d 375, 376 (7th Cir. 1985); *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983). However, as noted, *supra*, it is clear that Petitioner failed to exhaust his administrative remedies. This is fatal to Petitioner's claim. *See, e.g*, *Sanchez v. Miller*, 792 F.2d at 699 ("We also observe that circumvention of the

administrative process diminishes the effectiveness of the agency by encouraging prisoners to ignore its procedures . . . Thus, we reaffirm that a federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking federal habeas relief."). Consequently, the Court is unable to examine the underlying merits of Stevens' Petition and it is, accordingly, DENIED.

## CONCLUSION

For the foregoing reasons, Stevens' Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. 1) is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 8th day of August, 2011.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge